**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern    District of    New York
_____ _____ _____
(State)

Case number (*if known*): _____ Chapter  11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Comercial Gildemeister S.A.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   76.856.310-1

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | Av. Americo Vespucio 570 | |
   | Number    Street | Number    Street |
   | Pudahuel | |
   | | P.O. Box |
   | Santiago    Chile | |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | County | |
   | | Number    Street |
   | | |
   | | City    State    ZIP Code |

5. **Debtor's website** (URL)

Debtor _____Comercial Gildemeister S.A._____     Case number *(if known)*_____
        Name

| | |
|---|---|
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* <br><br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☑ None of the above <br><br> **B.** *Check all that apply:* <br><br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br><br> <u>4</u>   <u>4</u>   <u>1</u>   <u>1</u> |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br><br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☑ Chapter 11. *Check **all** that apply:* <br><br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br>   ☑ A plan is being filed with this petition. <br><br>   ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br><br>   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br><br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br><br> ☐ Chapter 12 |

Debtor    Comercial Gildemeister S.A.                    Case number (if known) _____
_____
Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
                                        MM / DD / YYYY

            District _____    When _____    Case number _____
                                        MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.    Debtor    See attached Schedule 1    Relationship    Affiliate

            District    Southern District of New York    When    Date hereof
                                                        MM / DD / YYYY

            Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

                            _____

                            _____
                            City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

**Statistical and administrative information**

---

Debtor   Comercial Gildemeister S.A.
_____   Case number (if known)_____
Name

| 13. Debtor's estimation of available funds | Check one: |
|---|---|
| | ☑ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. Estimated number of creditors | ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☑ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/12/2021
_____
MM / DD / YYYY

✗ _____          Eduardo Moyano
Signature of authorized representative of debtor          Printed name

Title   Chief Financial Officer
_____

Debtor      Comercial Gildemeister S.A.                                    Case number *(if known)*_____
                 Name

**18. Signature of attorney**        ✗    _/s/ Jane VanLare_____        Date    04/12/2021_____
                                          Signature of attorney for debtor              MM  / DD  / YYYY

                                    Jane VanLare_____
                                    Printed name
                                    Cleary Gottlieb Steen & Hamilton_____
                                    Firm name
                                    1            Liberty Plaza_____
                                    Number      Street
                                    New York_____     NY        10006_____
                                    City                              State     ZIP Code

                                    (212) 225-2571_____     jvanlare@cgsh.com_____
                                    Contact phone                     Email address

                                    4610655_____     New York_____
                                    Bar number                        State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Automotores Gildemeister SpA.

1. Automotores Gildemeister SpA

2. Marc Leasing S.A.

3. Comercial Gildemeister S.A.

4. Maquinarias Gildemeister S.A.

5. Fortaleza S.A.

6. RTC S.A.

7. Maquinaria Nacional S.A.

8. Carmeister S.A.

9. AG Créditos SpA

10. Fonedar S.A.

11. Lodinem S.A.

12. Camur S.A.

13. Bramont Montadora Industrial e Comercial de Veículos S.A.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X
                                                                    :
*In re*                                                             :          Chapter 11
Comercial Gildemeister S.A., *et al*.,                              :
                                                                    :          Case No. 21 -_____ (____)
                                           Debtors.                 :
                                                                    :          Joint Administration Requested
                                                                    :
                                                                    :
                                                                    :
                                                                    :
------------------------------------------------------------------- X

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interests Held |
|---|---|
| Automotores Gildemeister SpA | 99.00% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Automotores Gildemeister SpA, *et al.*,[1] | Case No.:  21-[●] |
| Debtors. | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIVE LARGEST SECURED CLAIMS

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, excluding claims of insiders as defined in 11 U.S.C. § 101(31), as of April 12, 2021.  This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 cases.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim.  Any amounts listed herein are estimated, on a preliminary basis, and subject to verification.  The Debtors reserve any and all rights to assert that any debt or claim included herein is a disputed claim or debt, and to challenge the priority, nature, amount or status of any such claim or debt.  The descriptions of the collateral securing the underlying obligations are intended only as brief summaries.  In the event of any inconsistencies between the summaries

---

[1]    The Debtors, together with each of the Debtor's Chilean, Brazilian, and/or Uruguayan tax identification number, as applicable, are:  Automotores Gildemeister SpA (79.649.140-K), AG Créditos SpA (76.547.689-5), Marc Leasing, S.A. (96.658.270-7), Fonedar S.A. (216288040014), Camur S.A. (216589740015), Lodinem S.A. (217115010014), Carmeister S.A. (96.630.690-7), Maquinaria Nacional S.A. (Chile) (96.812.980-5), RTC S.A. (89.414.100-K), Fortaleza S.A. (76.856.380-2), Maquinarias Gildemeister S.A. (78.862.000-8), Comercial Gildemeister S.A. (76.856.310-1), and Bramont Montadora Industrial e Comercial de Vehiculos S.A. (04.926.142/0002-16).  The location of the corporate headquarters and the service address for Automotores Gildemeister SpA is: 11000 Avenida Las Condes Vitacura, Santiago, Chile.

set forth below and the respective corporate and legal documents relating to such obligations, the

descriptions in the corporate and legal documents shall control.

| | Name of Creditor and Complete Mailing Address | Claim Amount | Collateral Description | Estimated Value of Collateral |
|---|---|---|---|---|
| 1. | **7.50% SENIOR SECURED NOTES DUE 2025 ATTN: PETE LOPEZ** 240 Greenwich Street, Floor 7E New York, NY, 10286 Fax : 1-212-815-5917 | $ 409,300,000 | Real Estate, Equity, and Other Assets | $409,300,000 |
| 2. | **Tanner Servicios Financieros S.A.** Huérfanos 863 – Piso 3, Santiago – Chile | $12,679,523 | Receivables | $12,679,523 |
| 3. | **Eurocapital S.A.** Av. Apoquindo 3000, Of. 603 Las Condes, Santiago – Chile | $10,701,649 | Receivables | $10,701,649 |
| 4. | **Automotores Gildemeister Peru S.A.** Av. Cristóbal de Peralta Norte #968 Lima, 33 Peru | $2,500,000 | Inventory / Receivables | $3,000,000 |
| 5. | **Factotal S.A.** Av. Andrés Bello 2233 Piso 7 Providencia, Chile | $901,221 | Receivables | $901,221 |
| 6. | **Banco de Chile** Huerfanos 980, PISO 3º Santiago, Chile | $390,347 | Real Estate | $2,600,000 |

---

**Fill in this information to identify the case and this filing:**

Debtor Name _Comercial Gildemeister S.A._

United States Bankruptcy Court for the: _Southern_ District of _New York_
(State)

Case number (*if known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration___Corporate Ownership Statement; Top 5 Secured Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _04/12/2021_          ✗ _____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

Eduardo Moyano
_____
Printed name

Chief Financial Officer
_____
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name:  Automotores Gildemeister SpA</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the Southern District of New York__</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>):  21-</td></tr>
</table>

☐ Check if this is an amended filing

## Modified Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 7.50% SENIOR SECURED NOTES DUE 2025 ATTN: PETE LOPEZ BANK OF NEW YORK MELLON 240 GREENWICH STREET, 7E NEW YORK, NY 10286 | 7.50% SENIOR SECURED NOTES DUE 2025 BANK OF NEW YORK MELLON EMAIL: PETER.LOPEZ@BNYMELLON.COM | DEFICIENCY CLAIM | | $521,096,081 | $409,300,000 | $111,796,081 |
| 2 | 8.250% SENIOR UNSECURED NOTES DUE 2021 ATTN: PETE LOPEZ BANK OF NEW YORK MELLON 240 GREENWICH STREET, 7E NEW YORK, NY 10286 | 8.250% SENIOR UNSECURED NOTES DUE 2021 BANK OF NEW YORK MELLON EMAIL: PETER.LOPEZ@BNYMELLON.COM | UNSECURED NOTES | | | | $23,205,372.75 |
| 3 | 7.50% SENIOR UNSECURED NOTES DUE 2021 ATTN: PETE LOPEZ BANK OF NEW YORK MELLON 240 GREENWICH STREET, 7E NEW YORK, NY 10286 | 7.50% SENIOR UNSECURED NOTES DUE 2021 BANK OF NEW YORK MELLON EMAIL: PETER.LOPEZ@BNYMELLON.COM | UNSECURED NOTES | | | | $9,858,105.93 |
| 4 | 6.750% SENIOR UNSECURED NOTES DUE 2023 ATTN: PETE LOPEZ BANK OF NEW YORK MELLON 240 GREENWICH STREET, 7E NEW YORK, NY 10286 | 6.750% SENIOR UNSECURED NOTES DUE 2023 BANK OF NEW YORK MELLON EMAIL: PETER.LOPEZ@BNYMELLON.COM | UNSECURED NOTES | | | | $2,664,771.38 |
| 5 | HYUNDAI CORPORATION ATTN: JUNGHYUN CHO AVENIDA NUEVA DE LYON 096 PROVIDENCIA, SANTIAGO CHILE | HYUNDAI CORPORATION PHONE: +56 2 2233 7304 EMAIL: JOHN@HYUNDAICORP.COM | INVENTORY FINANCING | | | | $2,510,626.41 |
| 6 | CHINA NATIONAL HEAVY DUTY TRUCK CORP. SH 14F & 15F, SINOTRUK TOWER NO 777 HUA' AO ROAD, INNOVATION ZONE JINAN, SHANDONG CHINA | CHINA NATIONAL HEAVY DUTY TRUCK CORP. EMAIL: YUJIANLIANG@SINOTRUK.COM | INVENTORY FINANCING | | | | $1,936,288.92 |
| 7 | GUILLERMO REYES ROZAS BILBAO 738, CASA H34 CALAMA CHILE | GUILLERMO REYES ROZAS | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $1,185,016.18 |
| 8 | FINANCE DEPARTMENT OF BELO HORIZONTE RODOVIA PAPA JOÃO PAULO II, 4.001 CIDADE ADMINISTRATIVA - GENERAL BUILDING 6TH AND 7TH FLOOR BAIRRO SERRA VERDE-BELO | FINANCE DEPARTMENT OF BELO HORIZONTE PHONE: (31) 3915-6270 | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $1,037,631.35 |

| Debtor | Automotores Gildemeister SpA | Case number (if known) | 21- |
|--------|------------------------------|------------------------|-----|

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | HORIZONTE, MG BRAZIL | | | | | |
| 9 | SEGUROS GENERALES SURAMERICANA S.A. AV. LIBERTADOR BERNARDO O'HIGGINS 1449 SANTIAGO CHILE | SEGUROS GENERALES SURAMERICANA S.A. EMAIL: MANUEL.ZAPATA@SEGUROSSURA.CL | TRADE DEBT | | | | $633,257.89 |
| 10 | VOLVO CAR CORPORATION SE-405 31 GOTEMBURGO SWEDEN | VOLVO CAR CORPORATION | INVENTORY FINANCING | | | | $382,333.00 |
| 11 | TOP TOWN COMERCIO DE VEICULOS LTDA. AVENIDA SENADOR LEMOS, 3330 (PA) BELEM BRAZIL | TOP TOWN COMERCIO DE VEICULOS LTDA. PHONE: (91) 98145-0195 | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $325,156.94 |
| 12 | CARLOS ALFARO ARRIAGADA EDMUNDO PÉREZ ZUJOVIC 10.890, DEP. 71 ANTOFAGASTA CHILE | CARLOS ALFARO ARRIAGADA | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $297,245.49 |
| 13 | ASESORIAS Y GESTION DE PROCESOS S.A. ATTN: MIGUEL CLARO TORRE A 70 A44 PROVIDENCIA CHILE | ASESORIAS Y GESTION DE PROCESOS S.A. ATTN: MIGUEL CLARO EMAIL: RMORENO@AGPSA.CL | TRADE DEBT | | | | $240,557.24 |
| 14 | YUTONG HONGKONG BUS CO LIMITED ATTN: RAIMUNDO ZHANG UNIT 503 5/F SILVER CORD TOWER 2 30 CANTON ROAD TSIM SHA TSUI KL HONG KONG | YUTONG HONGKONG BUS CO LIMITED ATTN: RAIMUNDO ZHANG EMAIL: ZHANGKANGB@YUTONG.COM | INVENTORY FINANCING | | | | $204,000.00 |
| 15 | THM COMERCIO E SERVICO DE AUTOMOVEIS LTDA. AVENIDA ALMIRANTE ALEXANDRINO DE AL, 951 NATAL (RN) SAO PAULO BRAZIL | THM COMERCIO E SERVICO DE AUTOMOVEIS LTDA. PHONE: (84) 3243-2326 EMAIL: HELDERLANE@HOTMAIL.COM | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $176,704.02 |
| 16 | CONSUELO ALVAREZ ARCOS AV. LOS CARRERA 419 EL MONTE CHILE | CONSUELO ALVAREZ ARCOS | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $172,985.44 |
| 17 | CURIFOR S.A. AV. VICUNA MACKENNA 5951 SANTIAGO LA FLORIDA, REGION METROPOLITANA CHILE | CURIFOR S.A. EMAIL: ACALDERON@CURIFOR.COM | TRADE DEBT | | | | $153,350.58 |
| 18 | BHARAT COMERCIAL SERVICOS E VEÍCULOS LTDA. ESTRADA BR-101 NORTE, CONTORNO W/O NUM. KM 291 CARIACICA 22184 SPAIN | BHARAT COMERCIAL SERVICOS E VEÍCULOS LTDA. PHONE: (27) 3346-2783 FAX: (27) 3346-2790 | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $132,628.69 |

| Debtor | Automotores Gildemeister SpA | | | Case number (if known) | 21- | |
|---|---|---|---|---|---|---|

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  ARENA CHILE S.A. ALMIRANTE PASTENE # 333 PISO 2 PROVIDENCIA CHILE | ARENA CHILE S.A. EMAIL: ELISA.ALCAINO@HAVASMG.COM | TRADE DEBT | | | | $128,603.07 |
| 20  DHL WORLDWIDE EXPRESS CHILE LIMITADA RIO ITATA 9651 SANTIAGO PUDAHUEL REGIÓN METROPOLITANA DE SANTIAGO CHILE | DHL WORLDWIDE EXPRESS CHILE LIMITADA EMAIL: CAROLINA.M.RODEIGUES@DHL.COM | TRADE DEBT | | | | $115,435.11 |
| 21  SOBRE RUEDAS COMERCIO DE VEICULOS E PECAS LTDA. RUA FRANCISCO MARQUES FONSECA, 621 BAYEUX, PB 58308-001 BRAZIL | SOBRE RUEDAS COMERCIO DE VEICULOS E PECAS LTDA. PHONE: (83) 98787-8175 | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $111,670.79 |
| 22  AGENCIA DE ADUANAS FELIPE SERRANO SOLAR Y COMPANIA LIMITADA DR.MANUEL BARROS BORGOÑO 225 SANTIAGO PROVIDENCIA REGION METROPOLITANA DE SANTIAGO CHILE | AGENCIA DE ADUANAS FELIPE SERRANO SOLAR Y COMPANIA LIMITADA EMAIL: FSERRANOM@FSS.CL | TRADE DEBT | | | | $96,918.47 |
| 23  AMORIN ABOGADOS SAS OF. 705 PUNTA CARRETAS TOWER PEATONAL CONTINUACION, DR BOLIVAR BALINAS MONTEVIDEO 11300 URUGUAY | AMORIN ABOGADOS SAS EMAIL: INFO@AMORIN.UY | PROFESSIONAL SERVICES | | | | $86,436.86 |
| 24  TRANSPORTES | TRANSPORTES | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $84,317.00 |
| 25  TRANSPORTES TRANSAUTO LTDA. RUTA 68 KM 16,5 SANTIAGO CHILE | TRANSPORTES TRANSAUTO LTDA. EMAIL: RCHAVEZ@TRANSAUTO.CL | TRADE DEBT | | | | $82,148.99 |
| 26  GISER S.A ROGER DE FLOR 2736 81 SANTIAGO LAS CONDES REGIÓN METROPOLITANA DE SANTIAGO CHILE | GISER S.A EMAIL: ZCARTAGENA@GISER.CL | TRADE DEBT | | | | $75,904.48 |
| 27  ROXANA DIAZ ARCE CONDOMINIO STA. TERESA PARCELA 35 ISLA DE MAIPO CHILE | ROXANA DIAZ ARCE | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $69,453.13 |
| 28  WORLD CAR VEICULOS LTDA. AVENIDA VEREADOR REYNALDO FIGUEIRO BASTOS 4 POCOS DE CALDAS, MG BRAZIL | WORLD CAR VEICULOS LTDA. | CONTINGENT LITIGATION | CONTINGENT, UNDISPUTED, DISPUTED | | | $63,624.99 |
| 29  CARGO TRADER LIMITADA SANTA ROSA 282 SANTIAGO CHILE | CARGO TRADER LIMITADA EMAIL: TRAFICO@PDQ.CL | TRADE DEBT | | | | $61,927.85 |
| 30  CITYTIME IMPORT EXPORT LIMITAD ZOFRIAUTOS PRIMER NIVEL 3 DEPTO LOCAL VILLA POB PABELLON AU IQUIQUE CHILE | CITYTIME IMPORT EXPORT LIMITAD EMAIL: DGRINSPUN@CITYTIME.CL | TRADE DEBT | | | | $61,879.48 |

## SESIÓN EXTRAORDINARIA DE DIRECTORIO

## DE

## COMERCIAL GILDEMEISTER S.A.

En Santiago de Chile, a 7 de abril de 2021, siendo las 14:30 horas, en las oficinas de la sociedad ubicadas en Avenida Las Condes 11.000, comuna de Vitacura, Santiago, tiene lugar la presente Sesión Extraordinaria de Directorio de la sociedad anónima cerrada Comercial Gildemeister S.A., en adelante indistintamente la "**Sociedad**".

## 1. ASISTENCIA.

Asistieron a la reunión los directores señores Ricardo Lessmann Cifuentes, Tomás Casanegra Rivera y Eduardo Moyano Luco.

Presidió la reunión el señor Ricardo Lessmann Cifuentes, y actuó como Secretaria doña Elena Yubero Goncalves. Ambos certificaron que la asistencia de todos los miembros del directorio fue efectuada vía videoconferencia y que estuvieron debida y permanentemente conectados por toda la duración de ésta.

## 2. ACTA DE LA SESIÓN ANTERIOR.

Se deja constancia que el acta de la sesión anterior fue redactada, aprobada y suscrita al término de la misma.

## 3. TABLA.

El Presidente da la bienvenida a los directores presentes y da por abierta la sesión, señalando que la presente sesión extraordinaria fue convocada para tratar las materias que se indican a continuación:

1. Aprobación de la propuesta de someterse a un procedimiento de insolvencia voluntario en los Estados Unidos de América conforme a las disposiciones del Capítulo 11 del *Bankruptcy Code* de Estados Unidos, en su variante *prepackaged* ("**Prepack Chapter 11**"), conforme a los términos del RSA.

## 4. APROBACIÓN DEL INICIO DE UN PROCEDIMIENTO PREPACK CHAPTER 11.

El señor Presidente inicia su exposición, indicando al directorio que, como es de su conocimiento, la matriz de la Sociedad, esto es, la sociedad Automotores Gildemeister SpA ("**AG**"), en sesión de directorio de fecha 22 de marzo de 2021, acordó la suscripción de un contrato denominado *Restructuring Support Agreement* ("**RSA**") con un grupo de sus principales acreedores, lo cual fue posteriormente puesto en conocimiento y aprobado por los directores de la Sociedad. Informa asimismo que ese contrato fue firmado con fecha 31 de marzo de 2021. Conforme a los términos del RSA, Automotores Gildemeister SpA y algunas de sus filiales realizarán una reestructuración financiera de sus obligaciones, deudas y estructura de capital, mediante el inicio de un procedimiento concursal voluntario bajo el Capítulo 11 del *Bankruptcy Code* de los Estados Unidos de América, por AG y cada una de sus filiales (salvo por las filiales peruanas y

1

costarricenses), entre las cuales se encuentra la Sociedad, bajo la modalidad *prepackaged*.

Considerando lo anterior, el Presidente informa que es necesario que este directorio se pronuncie sobre el inicio, por la Sociedad, de un procedimiento concursal voluntario bajo el Capítulo 11 del *Bankruptcy Code* de los Estados Unidos de América.

Luego de un análisis e intercambio de opiniones, el directorio acordó, por la unanimidad de los directores asistentes, aprobar el inicio de un procedimiento concursal voluntario bajo el Capítulo 11 del *Bankruptcy Code* de los Estados Unidos de América, por considerar que ello mira en el mejor interés de la Sociedad.

Adicionalmente, el directorio acordó, por la unanimidad de los directores asistentes, lo siguiente:

1. Que cada uno de **Ricardo Lessmann Cifuentes, y/o Eduardo Moyano y/o Francisco Marchant** (cada uno de ellos un "Apoderado" y, colectivamente, los "Apoderados"), actuando individual e indistintamente, representen a la Sociedad, en Chile y en el extranjero, con las más amplias facultades posibles, para ejecutar, firmar y presentar en nombre de la Sociedad todas las peticiones, anexos, listas y otras mociones, papeles o documentos necesarios o convenientes para iniciar el Prepack Chapter 11, realizar todas las gestiones y actuaciones judiciales y extrajudiciales que sean necesarias para esos efectos, tanto en Chile como en el extranjero, comprendiendo la facultad de presentar en Chile una Solicitud de Reconocimiento de un Procedimiento Extranjero en los términos del artículo 314 de la Ley 20.720, y para tomar todas y cada una de las acciones que consideren necesarias o apropiadas para esos efectos, incluyendo, sin limitación, cualquier acción necesaria para mantener el curso ordinario de los negocios de la Sociedad;

2. Que los Apoderados están autorizados a determinar el momento de la implementación de una petición voluntaria por parte de la Sociedad e iniciar un procedimiento bajo el Capítulo 11 del *Bankruptcy Code* y hacer la presentación que corresponda ante el Tribunal de Quiebras de los Estados Unidos para el Distrito Sur de Nueva York;

3. Cada uno de los Apoderados o ejecutivo de la Sociedad, están autorizados y deberán retener y contratar en nombre de la Sociedad, a: (i) Cleary Gottlieb Steen & Hamilton LLP, (ii) Cariola Díez Pérez-Cotapos SpA, (iii) Rothschild & Co US Inc, (iv) FTI Consulting Canada ULC, (v) Prime Clerk LLC, (v) Rebaza, Alcázar & De Las Casas, (vi) Hughes & Hughes, (vii) EY Law S.A., (viii) Veirano Advogados, (ix) los asesores del Grupo Ad Hoc, en cumplimiento de las obligaciones de la Sociedad establecidas por el Grupo Ad Hoc en el RSA, y (x) cualquier otro profesional que asista a la Sociedad en el desempeño de sus respectivas funciones en virtud del *Bankruptcy Code* y asuntos relacionados, y en relación con ello, dichas personas sean, y cualquiera de ellas sea por la presente, autorizadas y dirigidas a ejecutar los acuerdos de retención apropiados, y a hacer que se presente una solicitud apropiada de autorización para contratar los servicios de cualquier otro profesional según sea necesario;

2

4. Que cada Apoderado de la Sociedad está facultado, en nombre de la Sociedad, a tomar dichas acciones y a realizar, firmar, ejecutar, reconocer y entregar (y registrar en los registros pertinentes, si es necesario) todos y cada uno de los acuerdos (incluyendo los anexos a los mismos), enmiendas, declaraciones juradas, órdenes, instrucciones, certificados, solicitudes, recibos, estados financieros u otros instrumentos que puedan ser razonablemente necesarios para dar efecto a las resoluciones anteriores y para ejecutar y entregar dichos instrumentos, y para cumplir plenamente los términos y disposiciones de los mismos; y

5. Que, en relación con el inicio de un procedimiento en virtud del Capítulo 11 del *Bankruptcy Code*, los Apoderados están autorizados, facultados y dirigidos, en nombre y por cuenta de la Sociedad, a **(a)** autorizar, negociar, ejecutar y entregar un contrato de crédito (*DIP Credit Agreement*) consistente con el DIP Term Sheet que se adjunta como Anexo II del Plan Term Sheet (dicho acuerdo de crédito, según sea modificado, enmendado complementado, o modificado de otro modo de vez en cuando, el **"Contrato de Crédito DIP"**), por y entre Automotores Gildemeister SpA y algunas de sus filiales, entre las cuales se encuentra la Sociedad, como prestatarios, garantes o pignorantes en virtud del mismo, ciertas instituciones financieras, como prestamistas en virtud del mismo (los **"Prestamistas DIP"**), Acquiom Agency Services LLC, como agente administrativo en virtud del mismo (el **"Agente DIP"**), y TMF Group New York, LLC, como agente de garantías en virtud del mismo (el **"Agente de Garantías"**), **(b)** negociar, ejecutar y entregar garantías de filiales respecto del Contrato de Crédito DIP por parte de determinadas filiales de Automotores Gildemeister SpA, entre las cuales se encuentra la Sociedad, **(c)** conceder garantías reales a favor del Agente de Garantías, en beneficio de los Prestamistas DIP, para garantizar las obligaciones en virtud del Contrato de Crédito DIP y los demás documentos de préstamo ejecutados en relación con el mismo, y **(d)** autorizar, negociar, suscribir y otorgar los acuerdos, instrumentos y documentos adicionales que los Apoderados que los ejecuten consideren necesarios, adecuados o convenientes, así como ejecutar y entregar cada uno de los acuerdos, instrumentos o documentos que deban ejecutarse y entregarse, en nombre y por cuenta de la Sociedad, en virtud de los mismos o en relación con ellos, todo ello con las modificaciones y adiciones que apruebe cualquier Apoderado, aprobación que quedará demostrada de forma concluyente por la realización de dicha acción o por la ejecución y entrega de los mismos.

## 5. VIGENCIA DE LOS ACUERDOS.

El Directorio resolvió que los acuerdos adoptados en la presente sesión producirán sus efectos una vez que el acta que de ella se levante sea firmada por todos los directores asistentes, sin que sea necesaria su aprobación por sesión de directorio posterior.

## 6. REDUCCIÓN A ESCRITURA PÚBLICA.

El Directorio acordó facultar a doña Elena Yubero Goncalves, a don Francisco Javier Illanes Munizaga, a don Sergio Balharry Rovegno y a don Cristóbal Morales Deik, para que uno cualquiera de ellos actuando individualmente, reduzca a escritura pública todo o parte del acta que se levante de esta sesión de Directorio, así como facultar al portador

de copia autorizada de dicha escritura para requerir las inscripciones, subinscripciones y anotaciones que se estimen convenientes.

## 7. **CIERRE DE LA SESIÓN**.

El Presidente señala que, si ningún director desea mayor información o hacer uso de la palabra, se pondrá término a esta sesión.

Se ofrece la palabra.  Nadie hace uso de la palabra.

No habiendo otras materias que tratar, se levanta la sesión siendo las 15.00 horas.

_____
Ricardo Lessmann C.
Presidente

_____
Tomás Casanegra R.
Director

_____
Eduardo Moyano L.
Director

_____
Elena Yubero G.
Secretaria

4

de copia autorizada de dicha escritura para requerir las inscripciones, subinscripciones y anotaciones que se estimen convenientes.

**7. <u>CIERRE DE LA SESIÓN</u>.**

El Presidente señala que, si ningún director desea mayor información o hacer uso de la palabra, se pondrá término a esta sesión.

Se ofrece la palabra. Nadie hace uso de la palabra.

No habiendo otras materias que tratar, se levanta la sesión siendo las 15.00 horas.


_____          _____
Ricardo Lessmann C.                                  Tomás Casanegra R.
Presidente                                                      Director




_____          _____
Eduardo Moyano L.                                    Elena Yubero G.
Director                                                          Secretaria

4

## EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS
## OF COMERCIAL GILDEMEISTER S.A.


In Santiago, Chile, on April 7, 2021, at 2:30 p.m., at the Company's offices located at Avenida Las Condes 11,000, Vitacura, Santiago, this Extraordinary Meeting of the Board of Directors of the closed corporation Comercial Gildemeister S.A., hereinafter referred to as the **"Company,"** is held.


1.  **ASSISTANCE.**

Directors Ricardo Lessmann Cifuentes, Tomás Casanegra Rivero and Eduardo Moyano Luco attended the meeting.

Mr. Ricardo Lessmann Cifuentes presided over the meeting, and Ms. Elena Yubero Goncalves acted as Secretary. Both certified that the attendance of all the members of the Board of Directors was done via videoconference and that they were duly and permanently connected for the entire duration of the meeting.


2.  **MINUTES OF THE PREVIOUS SESSION.**

It is hereby noted that the minutes of the previous meeting were drafted, approved, and signed at the end of such meeting.


3.  **PURPOSE.**

The Chairman welcomed the directors present and started the meeting, noting that this extraordinary meeting was summoned to deal with the matters indicated below:

   1.  Approval of the proposal to submit to voluntary insolvency process in the United States of America under the provisions of Chapter 11 of the *Bankruptcy Code* of the United States of America, in its *prepackaged* form **("Prepack Chapter 11")**, pursuant to the terms of the RSA.

4.  **APPROVAL OF THE INITIATION OF A PREPACK CHAPTER 11 PROCEDURE.**

The Chairman begins his presentation by informing the Board of Directors that, as it is known, the Company's parent company, Automotores Gildemeister SpA ("**AG**"), at a Board meeting held on March 22, 2021, agreed to sign a contract called *Restructuring Support Agreement* ("**RSA**") with a group of its main creditors, which was subsequently disclosed to and approved by the Company's directors. The Company also reports that this agreement was signed on March 31, 2021. Pursuant to the terms of the RSA, Automotores Gildemeister SpA and some of its subsidiaries will carry out a financial restructuring of its obligations, debts, and capital structure by initiating a voluntary bankruptcy process under Chapter 11 of the U.S. *Bankruptcy Code* by AG and each of its subsidiaries (except for the Peruvian and

Costa Rican subsidiaries), including the Company, on a *prepackaged* basis.

Considering the foregoing, the Chairman reports that it is necessary for this Board of Directors to provide an answer on the initiation of a voluntary bankruptcy process of the Company under Chapter 11 of the U.S. *Bankruptcy Code*.

After a discussion and exchange of opinions, the Board of Directors unanimously agreed to approve the initiation of a voluntary bankruptcy process under Chapter 11 of the U.S. *Bankruptcy Code*, considering that it is in the best interest of the Company.

In addition, the Board of Directors agreed, by the unanimous vote of the directors in attendance, to the following:

1. That each one of **Ricardo Lessmann Cifuentes, and/or Eduardo Moyano and/or Francisco Marchant** (each an "Attorney-in-Fact" and, collectively, the "Attorneys-in-Fact"), acting individually and without distinction, represent the Company, in Chile and abroad, with the broadest possible powers, to execute, sign and file on behalf of the Company all petitions, attachments, schedules and other motions, papers or documents necessary or convenient to initiate the Prepack Chapter 11 process, to execute all judicial and extrajudicial actions and proceedings necessary for such purposes, both in Chile and abroad, including the power to file in Chile an Application for Recognition of a Foreign Proceeding pursuant to Article 314 of Law No. 20.720, and to take all and any actions deemed necessary or appropriate for such purposes, including, without limitation, any action necessary to maintain the ordinary course of the Company's business;

2. That the Attorneys-in-Fact are authorized to determine the timing of the implementation of a voluntary petition by the Company and to initiate a proceeding under Chapter 11 of the *Bankruptcy Code* and to make the appropriate filing in the New York Southern Bankruptcy Court in the United States;

3. Each of the Company's Attorneys-in-Fact or executive officers are authorized to and shall retain and contract on behalf of the Company: (i) Cleary Gottlieb Steen & Hamilton LLP, (ii) Cariola Díez Pérez-Cotapos SpA, (iii) Rothschild & Co US Inc, (iv) FTI Consulting Canada ULC, (v) Prime Clerk LLC, (v) Rebaza, Alcázar & De Las Casas, (vi) Hughes & Hughes, (vii) EY Law S.A., (viii) Veirano Advogados, (ix) the counsels of the Ad Hoc Group, pursuant to the obligations of the Company as set forth by the Ad Hoc Group in the RSA, and (x) any other professionals assisting the Company in the performance of their respective duties under the *Bankruptcy Code* and related matters, and in connection therewith, such persons, and any of them hereby are, authorized and directed to execute appropriate retainer agreements, and to cause an appropriate request for authorization to engage the services of such other professionals as it may be necessary;

4. That each Attorney-in-Fact of the Company is empowered, on behalf of the Company, to take such actions and to make, sign, execute, acknowledge and deliver (and register in the relevant records, if necessary) any and all agreements (including exhibits thereto), amendments, affidavits, orders, instructions, certificates, applications, receipts, financial statements or other instruments as may be reasonably necessary to give effect to the foregoing resolutions and to execute and deliver such instruments, and to comply fully with the terms and provisions thereof; and

5. That, in connection with the commencement of a process under Chapter 11 of the *Bankruptcy Code,* the Attorneys-in-Fact are authorized, empowered and directed, in the name and on behalf of the Company, to **(a)** authorize, negotiate, execute and deliver a credit agreement *(DIP Credit Agreement)* consistent with the DIP Term Sheet attached hereto as Exhibit II to the Plan Term Sheet (such credit agreement, as amended, restated supplemented, or otherwise modified from time to time, the **"DIP Credit Agreement"**), by and between Automotores Gildemeister SpA and some of its subsidiaries, as borrowers, guarantors or pledgors thereunder, certain financial institutions, as lenders thereunder (the "**DIP Lenders**"), Acquiom Agency Services LLC, as administrative agent thereunder (the "**DIP Agent**"), and TMF Group New York, LLC, as collateral agent thereunder (the "**Collateral Agent**"), **(b)** negotiate, execute and deliver guarantees of subsidiaries regarding the DIP Credit Agreement by certain subsidiaries of Automotores Gildemeister SpA, including the Company, **(c)** grant security interests in favor of the Collateral Agent, for the benefit of the DIP Lenders, to secure the obligations under the DIP Credit Agreement and the other loan documents executed in connection therewith, and **(d)** authorize, negotiate, execute, and deliver such further agreements, instruments and documents as the Attorneys-in-Fact executing the same may deem necessary, appropriate or desirable, and to execute and deliver each such agreement, instrument or document to be executed and delivered, for and on behalf of the Company, thereunder or in connection therewith, all as modified and supplemented versions as may be approved by any Attorney-in-Fact, such approval must be conclusively evidenced by the taking of such action or the execution and delivery thereof.

5. **VALIDITY OF THE AGREEMENTS.**

The Board of Directors resolved that the resolutions adopted at this meeting will become effective once the minutes of the meeting are signed by all the directors in attendance, without the need for their approval at a subsequent Board meeting.

6. **EXPRESS PART OF ALL OF THESE MINUTES AS A PUBLIC INSTRUMENT.**

The Board of Directors agreed to authorize Ms. Elena Yubero Goncalves, Mr. Francisco Javier Illanes Munizaga, Mr. Sergio Balharry Rovegno and Mr. Cristobal Morales Deik, so that anyone of them acting individually, may express part or all of these minutes of this Board meeting as a public instrument, as well as to authorize the bearer

of an authorized copy of said instrument to request the inscriptions, sub inscriptions and annotations deemed convenient.

**7.  <u>CLOSING OF THE MEETING.</u>**

The Chairman stated that if no Director wished to provide further information or to speak, this meeting would be adjourned.

The floor is offered. No one takes the floor.

There being no other business to discuss, the meeting was adjourned at 3:00 p.m.

<table>
<tr>
<td>_____</td>
<td>_____[Signature]_____</td>
</tr>
<tr>
<td>Ricardo Lessmann C.</td>
<td>Tomás Casanegra R.</td>
</tr>
<tr>
<td>Chairman</td>
<td>Director</td>
</tr>
<tr>
<td></td>
<td></td>
</tr>
<tr>
<td>_____[Signature]_____</td>
<td>_____[Signature]_____</td>
</tr>
<tr>
<td>Eduardo Moyano L.</td>
<td>Elena Yubero G.</td>
</tr>
<tr>
<td>Director</td>
<td>Secretary</td>
</tr>
</table>

of an authorized copy of said instrument to request the inscriptions, sub inscriptions and annotations deemed convenient.

**1.  <u>CLOSING OF THE MEETING.</u>**

The Chairman stated that if no Director wished to provide further information or to speak, this meeting would be adjourned.

The floor is offered. No one takes the floor.

There being no other business to discuss, the meeting was adjourned at 3:00 p.m.

_____[Signature]_____                    _____
Ricardo Lessmann C.                              Tomás Casanegra R.
Chairman                                         Director


_____                    _____
Eduardo Moyano L.                                Elena Yubero G.
Director                                         Secretary

4

# TRANSLATION CERTIFICATION

To whom it may concern:

Pursuant to 28 U.S.C. § 1746, I, Mariana Soto, declare:

1. I am employed through Morningside, presently residing and working within the State of Mexico, Mexico.
2. I am a fluent English speaker and a native Spanish speaker.
3. I am competent to translate from Spanish to English.
4. I have translated excerpts of the foregoing document ([Document Description]) from Spanish into English and believe that the translation is complete and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2021 in Toluca, State of Mexico.

_____
Signature of Translator